**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-2381**

---

DEREK JOSEPH MOORE,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant – Appellee,

    and

SOCIAL SECURITY ADMINISTRATION,

        Party-in-Interest.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:11-cv-00017-JPB-JES)

---

Submitted: July 26, 2012        Decided: August 20, 2012

---

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Carter Zerbe, CARTER ZERBE & ASSOCIATES, PLLC, Charleston, West Virginia, for Appellant. Nora Koch, Acting Regional Chief Counsel, Andrew C. Lynch, Acting Supervisory Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; William J. Ihlenfeld, II, United States Attorney, Chantal Jenkins, Special

Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Moore appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his complaint for review of the Commissioner's denial of disability insurance benefits. On appeal, Moore argues that the Commissioner ignored relevant medical evidence, failed to accord proper weight to medical opinion evidence, and failed to analyze the combined effect of his impairments in determining that he was not entitled to benefits.

Pursuant to 42 U.S.C. § 405(g) (2006), we will "uphold the factual findings of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks, citations, and alteration omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks and citation omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id.

In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable

3

impairment that precludes returning to past relevant work and adjustment to other work. 20 C.F.R. §§ 404.1508, 404.1520(g) (2012). The Commissioner uses a five-step process to evaluate a disability claim. 20 C.F.R. § 404.1520 (2011). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

We have thoroughly reviewed the record and conclude that the Commissioner's decision is supported by substantial evidence and was reached through application of the correct legal standards. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4